# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-KA-00338-SCT

*BENJAMIN VIVIAN A/K/A BENJAMIN LARRELL VIVIANS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/26/2023 |
| TRIAL JUDGE: | HON. MARK SHELDON DUNCAN |
| TRIAL COURT ATTORNEYS: | JAMES EDWIN SMITH, III |
| | TODD WARREN SOREY |
| | MITCHELL DEE THOMAS |
| | CHRISTOPHER MORGAN POSEY |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: GEORGE T. HOLMES |
| | JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: BARBARA WAKELAND BYRD |
| DISTRICT ATTORNEY: | STEVEN SIMEON KILGORE |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 10/17/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KITCHENS, P.J., BEAM AND ISHEE, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. A jury convicted Benjamin Vivian of possession of methamphetamine, a felony, and misdemeanor possession of marijuana. The Circuit Court of Leake County sentenced Vivian as an habitual offender to serve eight years for the methamphetamine conviction and to pay a fine of $250 for the misdemeanor marijuana conviction. Vivian appeals. His appellate attorney has filed a brief in accordance with *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005),

certifying to the Court that, after examining the record, no arguable issues exist. Vivian did not file a *pro se* brief as permitted by Mississippi Rule of Appellate Procedure 28(b). We affirm Vivian's convictions.

## FACTS AND PROCEEDINGS BELOW

¶2. In early 2019, officers with the Carthage Police Department responded to a shoplifting complaint from a local Caesar's Pizza restaurant. The vehicle described in the complaint was still parked in the business's parking lot. Vivian and another person were in the car. As one of the officers approached the car, he smelled marijuana. When the two occupants got out of the car, Vivian was observed "reaching around his ankle." Vivian was handcuffed and searched for weapons. Narcotics and paraphernalia were discovered in the vehicle's back seat, center console, gear shift, and glove box.

¶3. An officer from the Mississippi Bureau of Narcotics joined the local police officers. Vivian was arrested and searched. In Vivian's socks, the officers discovered sacks containing .325 grams of marijuana and 2.246 grams of methamphetamine. Later, during an interrogation, Vivian told officers that the drugs in the car were not his but that the drugs in his sock were.[1] At trial, Vivian testified that the drugs had been planted on him by police. During rebuttal testimony, two officers testified that they either removed the items from Vivian's sock or observed them being removed from his sock following his arrest.

---

[1] Vivian did not face charges related to the drugs found in the car.

¶4. The jury convicted Vivian on both possession counts. Vivian was sentenced to eight years as an habitual offender for the methamphetamine count, and he was fined $250 for the marijuana count. The court denied Vivian's post-trial motions. Vivian appeals.

**DISCUSSION**

¶5. Under *Lindsey*, this Court permits an indigent defendant's appellate counsel to submit a brief declaring that the client's case presents no arguable issues for appeal. *Lindsey*, 939 So. 2d 743. In a *Lindsey* brief,

> counsel must certify that there are no arguable issues supporting the client's appeal, and he or she has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding arrest; (b) any possible violations of the client's right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing.

*Id.* at 748. The attorney must send a copy of the brief to the defendant, inform the defendant that counsel could find no arguable issues, and advise the client that he has the right to file a *pro se* brief. *Id.* If a *pro se* brief raises an arguable issue, or if this Court finds an arguable issue upon independent review of the record, then the Court will "require appellate counsel to submit supplemental briefing on the issue, regardless of the probability of the defendant's success on appeal." *Id.* (citing *Smith v. Robbins*, 528 U.S. 259, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000)).

¶6. Vivian's appellate attorney has submitted a brief in compliance with *Lindsey*. Counsel certified that, after scouring the record, he found no arguable issues for appeal. Counsel sent a copy of the brief to Vivian, informing him that he had the right to file a *pro se* brief. The

Court granted an additional forty days for Vivian to file a *pro se* brief, but he did not do so. After careful review of the record, this Court has found no arguable issues for appeal and determines that no supplemental briefing is required. Therefore, we affirm Vivian's convictions.

¶7. **AFFIRMED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**